# United States Court of Appeals
## For the First Circuit

———————————

No. 11-2476

UNITED STATES,

Appellee,

v.

RAMON ANTONIO DEJESUS,

Defendant, Appellant.

———————————

Before

Lynch, Chief Judge,
Howard and Kayatta, Circuit Judges.

———————————

**JUDGMENT**
**Entered:  June 5, 2013**

Following a bench trial in the United States District Court for the District of Massachusetts, defendant-appellant Ramon Antonio DeJesus was convicted under 8 U.S.C. § 1326 for illegally re-entering the United States after having been removed because of his criminal record.  DeJesus maintains that his prosecution was untimely under the applicable five-year statute of limitations.  18 U.S.C. § 3282.  The government moves for summary affirmance, and DeJesus opposes.

DeJesus was sent back to the Dominican Republic under his true identity, but re-entered using the identity of his cousin.   After a short interval of time, he was arrested on federal drug charges.  By his own account, when asked for identification, he wordlessly presented federal authorities with a false identification document in his cousin's name.  He was released. Years later, he was arrested on state charges and this time his true identity was discovered, leading to the present federal prosecution.  DeJesus maintains that the government, in discharging its evidentiary burden to show the timeliness of the prosecution, owed a more exact account of why it did not identify DeJesus as an illegal re-entrant earlier.

DeJesus insists on too much under the statute of limitations.   The government at trial

established that DeJesus presented it with a false identification after his drug arrest, and its official witnesses established that his true identity was not discovered in that time period. Its proffer was enough to support an inference that DeJesus's stratagem succeeded in preventing the discovery of his true identity. The inference may not have been mandatory, but it was permissible, so the conviction stands.

DeJesus had moved to dismiss the indictment as untimely, but the indictment was sufficient on its face. DeJesus objects to the government's motion for summary affirmance as an improper tactic to 'preview' his opposing arguments, but the motion was a fair invocation of clear guiding precedent on a dispositive question of law. United States v. DeLeon, 444 F.3d 41, 53 (1st Cir. 2006)(declining interpretation of limitations period that would "reward deceit by the alien and ... encourage the withholding of information...."). Precedents from other jurisdictions lend additional support. See United States v. Soriano-Hernandez, 310 F.3d 1099 (8th Cir. 2002); United States v. Uribe-Rios, 558 F.3d 347 (4th Cir. 2009).

The government's motion for summary disposition is **granted** and the judgment is **affirmed**.

By the Court:

/s/ Margaret Carter, Clerk.

cc:
Dina Michael Chaitowitz
Randall Ernest Kromm
David Shaughnessy
David Gerard Tobin
Ramon Antonio DeJesus